AUSA CHASE

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| MICHAEL WILLIS | ) Case No. 21-MJ-6463-AOV |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 3 and 11, 2021__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) | Possession with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, or salts of its isomers)(2 counts-August 3 and 11, 2021) and possession with the intent to distribute forty (40) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[ 1 - (2 - phenylethyl) - 4 - piperidinyl ] propanamide (fentanyl)(1 count-August 3, 2021) |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Joseph C. Krissel; DEA Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime.

Date: 08/13/2021

*Judge's signature*

City and state: Fort Lauderdale, Florida

ALICIA O. VALLE; U.S. MAGISTRATE JUDGE
*Printed name and title*

## SEALED AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Joseph C. Krissel, being duly sworn, hereby state as follows:

1. I am a Detective for the Margate Police Department ("MPD") and a Task Force Officer of the Drug Enforcement Administration ("DEA") assigned to the Miami Field Division. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Task Force Officer with DEA since October 2017. I also have been assigned to the Miami Field Division since October 2017. Prior to becoming a DEA Task Force Officer, I was assigned to the MPD Special Enforcement Team from January 2015 to October 2017 and to the MPD Road Patrol Division from October 2012 to January 2015. Since October 2017, I have specialized in investigations involving narcotics trafficking and money laundering. I have received training regarding narcotics trafficking and money laundering, and have been personally involved in investigations concerning the possession and distribution of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds.

2. I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from others who were directly involved in the matter or have personal knowledge of the facts herein. The affidavit does not include all the information known to me, but only information sufficient to establish probable cause for the arrest of Michael Willis for violations of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), relating to two (2) possessions with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers, and one (1) possession with the intent to distribute forty (40) grams or more of a mixture and substance

Page 1 of 4

containing a detectable amount of N-phenyl-N-[ 1 - (2 - phenylethyl) - 4 - piperidinyl ] propanamide (fentanyl), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

### AUGUST 3, 2021 SALE OF APPROXIMATELY 56 GRAMS OF METHAMPHETAMINE FOR $800.00 AND APPROXIMATELY 56 GRAMS OF FENTANYL FOR $3,000.00

3. On or about August 3, 2021, DEA Group 16 conducted a buy/walk operation from Michael Willis ("Willis") utilizing an undercover ("UC") Broward County Sheriff's Office ("BSO") Detective. During the operation, Willis delivered to the BSO UC what was represented to be fifty-six (56) grams of methamphetamine in exchange for $800.00, and what was represented to be fifty-six (56) grams of fentanyl for $3,000.00 at 2320 North Federal Highway, Pompano Beach, Broward County, Florida.

4. During recorded conversation leading up to the transaction between the UC and Willis, Willis informed the UC that an ounce of fentanyl typically was selling on the street for between $1,600.00 and $2,000.00. Willis stated that he would sell the UC two (2) ounces for $3,000.00. Willis informed the UC that the fentanyl in his possession was very potent, and he typically sold to street level dealers who "cut" the fentanyl to dilute its potency. Willis described the fentanyl as "deathly" strong and advised the UC to be very careful. The UC asked if Willis had "tina" referring to methamphetamine. Willis informed the UC that he would sell him two ounces for $800.00. Willis and the UC agreed to meet later in the day at 2320 North Federal Highway, Pompano Beach, Broward County, Florida.

5. At approximately 6:57 P.M., a black Acura MDX bearing Florida tag QIEL46 arrived at the location for the meeting. The vehicle circled the business before parking in the area of the UC vehicle. Shortly after, Willis exited the vehicle wearing a red shirt and carrying a bag. Willis entered the passenger seat of the UC vehicle.

6. Inside of the UC's vehicle, the UC paid Willis a total of $3,800.00 for what Willis represented was fifty-six (56) grams of fentanyl and fifty-six (56) grams of methamphetamine. The UC and Willis discussed the quality of the methamphetamine and fentanyl, during which Willis reiterated that the fentanyl was responsible for overdoses. Willis and the UC discussed future transactions. The meeting was audio/video recorded. The methamphetamine weighed approximately fifty-six (56) grams and field tested positive for the presence of methamphetamine. Willis' "fentanyl" weighed approximately fifty-six (56) grams. Due to safety concerns related to the possible exposure of investigators, the fentanyl was not field tested on scene. However, based on your affiant's training and experience, the substance's color and texture were consistent with fentanyl.

## AUGUST 11, 2021 SALE OF APPROXIMATELY 453 GRAMS OF METHAMPHETAMINE FOR $5,200.00

7. On or about August 11, 2021, the same UC paid $5,200.00 to Willis, at 2901 North Federal Highway, Pompano Beach, Broward County, Florida, to purchase approximately four hundred and fifty-three (453) grams, or a about one (1) pound, of a substance that later field-tested positive for methamphetamine. Prior to the transaction, recorded telephone calls were conducted between the UC and Willis to arrange the transaction. The UC initially requested to purchase one-half (1/2) pound of methamphetamine. Willis stated because he received the methamphetamine in one (1) pound package increments, it would be easier for Willis to sell the UC a pound, and Willis would give the UC a better price.

8. At approximately 11:28 A.M., Willis was observed arriving to the previously agreed upon meeting location in a vehicle. Willis entered the passenger seat of the UC's vehicle. Inside of the UC's vehicle, Willis exchanged the represented methamphetamine for the payment of $5,200.00. Willis informed the UC, to be cautious when unpackaging the

methamphetamine, as it was concealed within carbon paper that would discolor the methamphetamine. Willis informed the UC that it was packaged in this manner to avoid detection by law enforcement during shipment. Willis and the UC discussed future transactions before Willis exited the UC's vehicle and departed the area. The meeting was audio/video recorded.

9. Based on the above information and facts, your affiant submits there is probable cause to believe that Michael Willis, on August 3, 2021, and August 11, 2021, in Broward County, Florida, did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and on August 3, 2021 did knowingly and intentionally possess with the intent to distribute forty (40) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[ 1 - (2 - phenylethyl) - 4 - piperidinyl ] propanamide (fentanyl), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

JOSEPH C. KRISSEL
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime on this 13th day of August, 2021 at Fort Lauderdale, Florida.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE